## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICKY RIOJAS, Individually and For Others Similarly Situated,<br><br>v.<br><br>BARRIERE CONSTRUCTION COMPANY, LLC | Case No. 2:17-cv-00758 |

## ORIGINAL COMPLAINT

### SUMMARY

1. Barriere Construction Company, LLC. (Barriere) failed to pay Ricky Riojas (Riojas), and other workers like him, overtime as required by federal law.

2. Instead, Barriere paid Riojas, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Riojas brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).



5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

6. Barriere maintains several offices, and its headquarters, in this District.

### THE PARTIES

7. Riojas was an hourly employee of Barriere. His written consent is attached.

8. Barriere is a Louisiana limited liability company. Barriere may be served with process by serving its registered agent.

## THE FACTS

9. Barriere is a construction company headquartered in Metairie, Louisiana.

10. Barriere provides asphalt, concrete paving, industrial, and heavy civil construction services to its customers.



11. It provides construction services across Louisiana and the Gulf South region.

12. Barriere's gross revenues have exceeded $10,000,000 in each of the past 3 years.

13. Barriere's routinely use, handle, sell, or work on vehicles, packers, telephones, and hand tools that were produced for interstate commerce or actually traveled in interstate commerce.

14. Barriere is a "covered enterprise" subject to the requirements of the FLSA.

15. Riojas was an hourly employed by Barriere.

16. Riojas was hired around January 2016.

17. Riojas left Barriere's employment around October of 2016.

18. Barriere paid Riojas by the hour.

19. Barriere paid Riojas $39 per hour.

20. Riojas reported the hours he worked to Barriere on a regular basis.

21. If Riojas worked fewer than 40 hours in a week, would be paid only for the hours he worked.

22. For example, in the week ending March 27, 2016, Riojas worked 36.5 hours.

23. Barriere paid Riojas for 36.5 hours at his hourly rate of $39 an hour.

24. But Riojas normally worked more than 40 hours in a week.

25. For example, in the week ending March 6, 2016, Riojas worked 57 hours.

26. Barriere paid Riojas for 57 hours at his hourly rate of $39 an hour.

27. Riojas hours are reflected in Barriere's records.

28. Barriere paid Riojas at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

29. Thus, rather than receiving time and half as required by the FLSA, Riojas only received "straight time" pay for overtime hours worked.

30. This "straight time for overtime" payment scheme violates the FLSA.

31. Barriere was well aware of the overtime requirements of the FLSA.

32. In fact, on information and belief, Barriere pays overtime to its "in-house" hourly staff (such as secretaries and receptionists).

33. Barriere nonetheless failed to pay certain hourly employees, such as Riojas, overtime.

34. Barriere's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

35. Barriere's illegal "straight time for overtime" policy extends well beyond Riojas.

36. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

37. Barriere's has paid dozens of hourly workers according to the same unlawful scheme.

38. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

39. The workers impacted by Barriere's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All hourly employees of Barriere who were, at any point in the past 3 years, paid "straight time for overtime."**

## CAUSE OF ACTION

40. By failing to pay Riojas and those similarly situated to him overtime at one-and-one-half times their regular rates, Barriere violated the FLSA's overtime provisions.

41. Barriere owes Riojas and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

42. Because Barriere knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Barriere owes these wages for at least the past three years.

43. Barriere is liable to Riojas and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

44. Riojas and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

45. Riojas prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Riojas and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Riojas and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Matthew Parmet**
	Richard J. (Rex) Burch
	Texas Bar No. 24001807
	*seeking admission pro hac vice*
	Matthew Parmet
	Louisiana Bar No. 32855
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com
mparmet@brucknerburch.com

**Fibich, Leebron, Copeland,**
	**Briggs & Josephson**
Michael A. Josephson
State Bar No. 24014780
*seeking admission pro hac vice*
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fibichlaw.com

5