# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICKY RIOJAS, Individually and For Others Similarly Situated,<br><br>v.<br><br>BARRIERE CONSTRUCTION COMPANY, LLC | Case No. 2:17-cv-00758<br><br>JUDGE SUSIE MORGAN<br><br>MAGISTRATE JUDGE NORTH |

## UNOPPOSED JOINT MOTION TO APPROVE SETTLEMENT

**1.      Summary.**

Ricky Riojas and Barriere Construction Company, LLC have reached a settlement in this Fair Labor Standards Act (FLSA) case and, thus, jointly request that this Court approve the proposed settlement. This settlement represents the culmination of several months of investigation, litigation, and negotiation.

The parties filed their Settlement Agreement of Collective Action Claims (Settlement Agreement) under seal for review and approval *in camera. See* ECF No. 41 (Motion for Leave to File under Seal). The Parties jointly request the Court approve the Settlement Agreement as reasonable compromises in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the standard for judicial review when the parties are represented by counsel)). As set forth in this motion and the Settlement Agreement, the settlement is a reasonable compromise of the claims in this lawsuit. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (explaining that in deciding whether the proposed settlement reflects a "reasonable compromise," the Court may either accept or reject it but cannot require the parties to accept any revisions or modifications to the agreement.).

**2.     The Case and the Parties' Disputes.**

Riojas filed this collective action alleging Barriere failed to pay certain hourly workers overtime as required by the FLSA. *See* ECF No. 1. In particular, Riojas alleged Barriere paid certain workers at the same hourly rate for all hours worked, including those in excess of 40 in a workweek. *Id.* Riojas alleged this case as a collective action on behalf of all such workers. *Id.* Riojas claims he, and other workers like him, are entitled to unpaid overtime, liquidated damages, attorney's fees, and costs. *Id.*

In contrast, Barriere contends Riojas was properly paid everything he is owed under the law because he is an exempt employee not entitled to overtime under the FLSA. Barriere further contends this case cannot be certified as a collective action because the alleged potential class members are not similarly situated. Barriere further asserts that, even if this case was to be certified as a collective action (which it should not be), any potential class members also were exempt and thus were properly compensated under the FLSA. Finally, Barriere asserts that even if there was a violation of the FLSA (which it vehemently denies), any violation resulted despite good-faith efforts to comply with the FLSA. In other words, the parties dispute essentially every aspect of this case.

**3.     The Settlement.**

Despite the substantial and bona-fide disputes between the parties with respect to liability, damages, and class certification, they have reached a settlement. As the Court can see from the Settlement Agreement, in addition to the named Plaintiff (Riojas), Barriere and Plaintiffs have agreed that there are a total of eight other potential Class Members in this lawsuit, all of whom are current or former Barriere employees. Riojas and each potential Class Member who elects to participate will receive a substantial percentage of their estimated unpaid overtime with Barriere – net of attorney's

fees and costs.[1] *See* ECF No. 41, Settlement Agreement at Exhibit A. And the unpaid overtime was calculated using the three-year statute of limitations reserved for willful violations, rather than the "default" two-year statute of limitations under the FLSA. *See* 29 U.S.C. § 255(a). Because this is an FLSA collective action, the money will be offered to the potential Class Members on an "opt-in" basis. 29 U.S.C. § 216(b). Therefore, of the eight potential Class Members, only those who elect to participate will be bound.[2]

If the Court approves the settlement, Plaintiffs' counsel will mail and email a copy of an approved notice (along with a release form) to Riojas and each potential Class Member within 7 days. *See* ECF No. 41, Settlement Agreement at 4; Exhibits B (the "Notice") & C (Receipt and Release).[3] Riojas and the potential Class Members must postmark, fax or return by email / docusign the executed Receipt and Release to Plaintiff's Counsel within 60 days after the date the forms are mailed and emailed ("Claim Filing Date"). *Id.* at 5. Before the Claims Filing Date, the Notice packet will be re-sent to all potential Class Members who have not yet responded as a reminder. *Id.* Thus, prior to deciding whether to participate in the settlement, each potential Class Member will be informed of: (1) the existence of this case; (2) their right to participate in the settlement if they wish to do so; (3) the amount of money they will receive if they accept the settlement; and (4) how they can obtain additional information and documents relevant to the case.

Within 15 calendar days from the close of the Claim Filing Date, Plaintiff's Counsel shall provide Barriere with original copies of all executed Receipt and Releases that were timely submitted

---

[1] After executing the Settlement Agreement, the parties found a small error in one individual's share. The individual's share was adjusted (upwards) to correct the error. No other shares changed. Thus, the total settlement is slightly higher (.694%) than reflected in the Settlement Agreement at 2.

[2] As this Court is aware, FLSA collective actions are "[u]nlike Rule 23 class actions, where plaintiffs become parties through no action of their own, and are bound by its results." *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 367872, *2 (S.D.Tex. Feb. 14, 2006) (Lake, J.). Instead, only those persons who "elect to opt-in to the FLSA representative action are . . . bound by its results." *Id.*

[3] The Notice and Receipt and Release are together referred to as the "Notice packet."

by Riojas and potential Class Member(s). *See* ECF No. 41, Settlement Agreement at 5. Within 20 calendar days from Barriere's receipt of the original copies of all executed Receipts and Releases that were timely submitted by Riojas and potential Class Members, Barriere will issue the payments under this Settlement Agreement. *Id.*. Within 30 days of the payments being made, the parties will jointly move for an Order dismissing this case with prejudice. *Id.*

**4. The Settlement Represents a Reasonable Compromise of this Litigation.**

This settlement provides Riojas and each potential Class Member with the opportunity to immediately recover a substantial portion of their alleged back wages, for up to a full three years from the date that Riojas filed his Original Complaint. Riojas and potential Class Members can participate in the settlement without fear of retaliation. As stated in the Notice: "The law prohibits retaliation against you for participating in this settlement. If you want to participate in the settlement, you have the lawful right to do so." *See* Settlement Agreement at Exhibit B at ¶ 7. Thus, Riojas and the potential Class Members are being assured they can accept the money being offered to them without fear of retaliation.

None of the amounts being offered to the employees covered by the Settlement Agreements will be reduced for attorney's fees, expenses or costs. Instead, as part of an independent negotiation, Barriere agreed to pay a fixed amount to cover all attorney's fees, expenses and costs. The separately negotiated amounts will cover the costs associated with the mailing of the agreed notice, receiving and categorizing the opt-in forms, resolving any challenges to the estimated payments, and all other administrative costs. Settlement Agreement at 3.

The parties and their counsel[4] agree the Settlement Agreements are reasonable compromises of the claims alleged in light of the procedural posture of the case, the litigations risks and the costs

---

[4] Plaintiffs' counsel has served as lead counsel in numerous of large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403

applicable to both sides. The parties have engaged in arm's-length settlement negotiations involving multiple settlement sessions, and several additional rounds of settlement communications. Because the Settlement Agreement is a reasonable compromise and adequately compensates the participants for all the unpaid overtime hours alleged by the class, the Parties seek entry of the enclosed Agreed Order of Approval.  As part of the Settlement Agreement, Barriere in no way admits any liability whatsoever, but has agreed to the terms of the settlement solely to avoid the continued time and expense of litigation.

**5.      Conclusion.**

Using the FLSA's opt-in procedure, the Settlement Agreements give every potential Class Member the *option* of participating in the settlement or retaining their right to sue. Prior to making their decision, the class members will be: (1) provided with the information necessary to make an informed choice (including access to relevant documents and advice of counsel); (2) given sufficient time to evaluate their choices; and (3) assured they can accept the settlement without retaliation. Each potential class member will be able to accept (or reject) the settlement as they see fit. Those individuals who elect to participate in the settlement will receive a substantial amount of their estimated – and hotly disputed - unpaid overtime wages during their employment with Barriere (net of attorneys' fees, expenses and all costs). Therefore, the Parties jointly request the Court approve the attached Settlement Agreement as a "reasonable compromise" of this dispute.

A proposed Order Approving Settlement is attached.

---

(5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). Barriere is represented by employment litigation specialists with substantial experience defending collective actions under the FLSA. *See, e.g., Victor Aguirre, et al v. ISC Constructors, L.L.C.*, Case No. 14-cv-067, E.D. Texas; *Cook v. Flight Services and Sys., Inc.*, Case No. 16-cv-15759, E.D. Louisiana; *Oscar Madrid v. Carlos* Rodriguez, Case No. 07-3942, E.D. Louisiana.  The Parties respectfully submit the Court may consider their opinions in evaluating the settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (opinions of experienced counsel may be considered in evaluating settlement).

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Matthew S. Parmet
Texas Bar No. 24069719
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Ste. 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com

**Attorneys for Plaintiffs**

**AND**

**/s/ Sarah Voorhies Myers**
Sarah Voorhies Myers, T.A. (La. Bar No. 30107)
H. Michael Bush (La. Bar No. 23430)
Amy McIntire (La. Bar No. 35241)
**Chaffe McCall, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
504-585-7000 (Telephone)
504-585-7075 (Facsimile)
myers@chaffe.com
bush@chaffe.com
mcintire@chaffe.com

**Attorneys for Defendant, Barriere Construction Co., LLC**

**CERTIFICATE OF SERVICE**

On July 17, 2017, I served a copy of this document on all registered parties and/or their counsel via email to the addresses below:

*/s/ Matthew S. Parmet*

_____

Matthew S. Parmet